UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA KOETJE,

    *Plaintiff*,

v.

AMANDA NORTON, STEIVE,
*Chief Medical Officer*, and SQUIER,
*Prison Health Services/Corizon*,

    *Defendants*.
_____/

Case No. 12-12739

DISTRICT JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE CHARLES E. BINDER

### ORDER ON PLAINTIFF'S MOTION TO AMEND
(Doc. 7)

This case was referred to the undersigned magistrate judge for pretrial case management on July 18, 2013. (Doc. 7.) *In forma pauperis* status was granted on August 12, 2013, but service of process was not ordered. (Doc. 9.) Plaintiff's complaint is a 210 page narrative. (Doc. 1.) On July 18, 2013, Plaintiff moved to amend the complaint.

When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Here, no responsive pleadings have been filed; therefore, Plaintiff may amend her pleading "once as a matter of course" and without leave of the court within the time specified in the Rule. *Id.* Accordingly, Plaintiff's motion will be denied as moot, allowing Plaintiff to file an amended complaint without prior court permission and within the time stated in this Order.

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Clearly, the 431-paragraph complaint in this case cannot be considered a "short and plan statement of the claim." When a pleading is this verbose, the complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. *See Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (116-page 242-paragraph prisoner civil rights complaint "would, because of its length and level of detail, present a challenge to the defendants in filing a responsive pleading" and was a violation of Rule 8(a)(2)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8).  Plaintiff's original complaint does not comport with

2

Fed. R. Civ. P. 8.  Therefore, in filing her amended complaint, Plaintiff is expected to make the "short and plain statement of the claim . . ." required by Rule 8.   The amended complaint must also sufficient details to give each Defendant fair notice of the details of his allegations, including the "specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n.10. Accordingly, Plaintiff is instructed that, for each count of his amended complaint, he must clearly state against which Defendant or Defendants the claim is made and a factual basis sufficient to establish the claim. Plaintiff is further instructed to use numbered paragraphs as required by Rule 10(b).

Accordingly, Plaintiff's motion to amend is **DENIED as moot**.  Plaintiff should **file an amended complaint that complies with Rule 8 on or before September 23, 2013.**

**IT IS SO ORDERED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

|  |  |
|---|---|
|  | s/ Charles E Binder |
|  | CHARLES E. BINDER |
| Dated: August 20, 2013 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this order was electronically filed this date and electronically served on the attorneys of record via the Court's ECF System and on the following non-ECF participant via the United States Postal Service: Donna Koetje #367956, Huron Valley Complex - Women's, 3201 Bemis Road, Ypsilanti, MI 48197.

|  |  |
|---|---|
| Date:  August 20, 2013 | By     s/Patricia T. Morris |
|  | Law Clerk to Magistrate Judge Binder |