UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA KOETJE,

    *Plaintiff*,       CASE NO. 13-CV-12739

v.       DISTRICT JUDGE DENISE PAGE HOOD
    MAGISTRATE JUDGE CHARLES E. BINDER

AMANDA NORTON, STEIVE,
*Chief Medical Officer,* and SQUIER,
*Prison Health Services/Corizon*,

    *Defendants*.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF
(Doc. 16)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED IN PART AND DENIED IN PART, i.e.,** that the motion for preliminary injunction be **DENIED**, but that the motion for temporary restraining order be **GRANTED**.

**II.   REPORT**

    **A.   Background**

Plaintiff Donna Koetje is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Women's Huron Valley Complex in Ypsilanti, Michigan. On June 20, 2013, Plaintiff filed a *pro se* civil rights complaint alleging that her constitutional rights were violated by the named Defendants, specifically alleging that Defendants were deliberately indifferent to her serious medical needs in violation of the Eight Amendment of

the United States Constitution. (Compl., Doc. 1.) On July 30, 2013, U.S. District Judge Denise Page Hood referred all pretrial matters to the undersigned magistrate judge. (Doc. 8.)

Plaintiff filed a motion for injunctive relief on October 18, 2013, asking the Court to order the MDOC to "comply with Plaintiff's medical detail." (Doc. 16 at 1.) Plaintiff alleges that "ever since she filed this lawsuit, the nursing staff here at this facility has not been giving Plaintiff her ostomy supplies [to properly manage her ilesotomy] in accordance with the medical detail issued by Plaintiff's Medical Service provider." (Doc. 16 at 1-2.) Plaintiff also states that she "is being forced to wash out and reuse her bags" and "to apply Elmers Glue to her wafers and reuse them, but they do not adhere very well [s]o her wafer comes off frequently causing fecal leakage." (Doc. 16 at 2.) Plaintiff alleges "imminent danger of having serious physical injury as a result of not having the proper supplies to keep her ostomy under management [, i.e.,] skin breakdown, blister, redness, bleeding, pain, and swelling of her stoma and the skin around it [and that t]his ongoing excoriation will lead to an infection, more than likely MRSA." (Doc. 16 at 3.) Plaintiff attached an affidavit to her motion which reiterates the allegations in the motion. (Doc. 16 at 6.) The affidavit is signed by Plaintiff, dated, and notarized by an authorized notary public in Michigan. (*Id.*)

### B. Analysis and Conclusions

#### 1. Procedural requirements

Plaintiff does not specify whether she is seeking an temporary restraining order ("TRO") or a preliminary injunction ("injunction"). Under Fed. R. Civ. P. 65(a), a preliminary injunction may be issued "only on notice to the adverse party." In the instant case, Plaintiff asserts that she served a copy of the motion on Michigan's Attorney General and a Ronald Chapman, as attorney

2

for Defendant Squier. (Doc. 16 at 4.) Therefore, it is possible that one or more of the Defendants have received notice of the motion.

However, reference to the Court's docket entries reveals that documents were prepared and mailed to the U.S. Marshals for service of process on October 3, 2013. There is no indication that the Defendants have been served and I note that it would be very unusual if service could have been accomplished in less than twenty days. I therefore suggest that notice has not been affirmatively established.

I further suggest that even if one or all of the Defendants received notice of the motion for injunctive relief, since service of process has not been accomplished, a preliminary injunction cannot be issued. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S. Ct. 1562, 23 L. Ed. 2d 129 (1969) (holding that an injunction was improper because the defendant had not been served with process); *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 958 (4th Cir. 1999)(service of process is a prerequisite to the issuance of an enforceable preliminary injunction); *3M Company v. Christian Investments, LLC*, No. 1:11cv627, 2011 WL 3678144, at *3-5 (E.D. Va. Aug. 19, 2011). Therefore, to the extent Plaintiff seeks a preliminary injunction, I suggest that such a request should be denied.

On the other hand, a temporary restraining order may be issued "without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). In the instant case, I suggest that Plaintiff has met the procedural requirements

3

of providing a properly sworn and notarized affidavit and that her proof of service on Michigan's Attorney General and attorney Ronald Chapman satisfies the written certification of her efforts to give notice to Defendants.

### 2. Substantive requirements

The Court next considers whether Plaintiff's motion and affidavit substantively show that she is entitled to injunctive relief in the form of a temporary restraining order. Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held. Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Certified Restoration*, 511 F.3d at 542. Courts have long held that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Preliminary injunctive relief is an extraordinary remedy that should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Where a prison inmate

4

seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. l984). In addition, under 18 U.S.C. § 3626(a)(2), any "preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."

I suggest that the factors, taken together, weigh in favor of granting the TRO. It is difficult, at this stage, to properly assess the first factor since Defendant has not been served and thus, has not answered the complaint. I note, however, that the complaint avers sufficient Eighth Amendment violations to have survived initial screening under 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1). I therefore find that the first factor is neutral. As to the second factor, I suggest that this factor weighs in favor of Plaintiff as she has sufficiently alleged the potential suffering of irreparable injury without the injunction, i.e., ileostomy leakage, skin issues and infection. (Doc. 16 at 3.) As to the third factor, I suggest that this factor weighs in favor of Plaintiff since issuance of the TRO would not harm Defendants since it seeks only compliance with already established medical directives. As to the fourth factor, I suggest that this factor is somewhat neutral or perhaps weighs slightly in favor of Plaintiff since the public interest is not directly affected by this case.[1]

### 3. Conclusion

---

[1] I note that this is not a case where Plaintiff is merely asking the court to instruct a party to obey the law. Courts have consistently held that an injunction that merely instructs a party to "obey the law" is null and void. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding that an injunction which prohibited municipality from discriminating on the basis of race would do "no more than instruct the defendant to 'obey the law,'" and therefore was invalid); *Equal Emp't Oppor. Comm'n v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 576 (6th Cir. 1984) ("'[s]uch "obey the law" injunctions cannot be sustained'") (quoting *Payne v. Travenol Laboratories, Inc.,* 565 F.2d 895, 897-98 (5th Cir. 1978)).

I therefore recommend that the Court deny Plaintiff's motion for a preliminary injunction but grant the motion for temporary restraining order. I leave the wording of the order to the Court's discretion under 18 U.S.C. § 3626(a)(2)'s requirement that any "preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                     s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
                                                     CHARLES E. BINDER
Dated: October 23, 2013                        United States Magistrate Judge

# **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and upon the following non-ECF participants via the United States Postal Service: Donna Koetje #367956, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197. This Report and Recommendation was also served, via the United States Postal Service on: Amanda Norton, Registered Nurse, 3201 Bemis Rd., Ypsilanti, MI 48197; Chief Medical Officer Dr. Steive, Michigan Department of Corrections, Grandview Plaza, P.O. Box 30003, Lansing, MI 48909; and Dr. Squier, Prison Health Services/Corizon, 6452 Millenium Drive, Lansing, MI 48917.

Date: October 23, 2013          By      s/Patricia T. Morris
                                Law Clerk to Magistrate Judge Binder