UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA KOETJE,

    Plaintiff,                                           Case No. 13-12739
                                                          Honorable Denise Page Hood

v.

AMANDA NORTON, et al.,

    Defendants.
_____/

## ORDER REGARDING REPORT AND RECOMMENDATION
## AS TO MOTION FOR INJUNCTIVE RELIEF

This matter is before the Court on Magistrate Judge Charles E. Binder's Report and Recommendation filed October 23, 2013 **[Doc. No. 18].** An objection was filed on November 1, 2013.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Any appeal of or objections to a magistrate judge's order must be made within 14 days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Objections that are only general and are not specific waive the right to appeal. See *Howard v. Secretary of HHS,* 923 F.2d 505, 508-09 (6th Cir. 1991). In a non-dispositive order entered by a magistrate judge, a district

judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue,* 958 F.2d 684, 690 (6th Cir. 1992). Rule 72(a) provides considerable deference to the determinations of the magistrate judges. *In re Search Warrants,* 889 F.Supp. 296, 298 (S.D. Ohio 1995). The Magistrate Judge's decision on a dispositive motion will be reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); *Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 515 (6th Cir. 2001).

It is noted that no response was filed to the initial Motion for Injunctive Relief because Defendants had not been served. However, Defendant Jeffrey Stieves filed a special appearance to object to the Report and Recommendation asserting that the temporary restraining order was unwarranted. Defendant Stieves submitted health care records noting that Plaintiff's concern regarding the ileostomy bags was noted and addressed   Defendant Stieves indicates Plaintiff has a regular call-out scheduled to have Plaintiff's ileostomy supplies replaced, but Plaintiff does not always appear for her scheduled call-out to pick up her supplies. Defendant Stieves indicates that

while Plaintiff may be having some difficulty managing her ileostomy care, Defendant will work with Plaintiff, through the health care staff, to continue to improve the education of Plaintiff on the routines of her ileostomy care and address her concerns stated in the motion.

Plaintiff did not file a response to Defendant Stieves' Objection and there is no indication since the Objection was filed that Plaintiff was having any further difficulties with her ileostomy supplies. In Defendant Stieves' Objection, he essentially agrees to work with Plaintiff regarding her ileostomy care. Therefore, the Court finds that Defendant Stieves agrees to the temporary restraining order in that he asserts he will work with Plaintiff, through the health care staff, to continue to educate Plaintiff on the routines of her ileostomy care. Accordingly,

IT IS ORDERED that the Report and Recommendation **(Doc. No. 18)** is ACCEPTED, but MODIFIED by Defendant Stieves' statements in his Objections that he will work with Plaintiff regarding her ileostomy care.

IT IS FURTHER ORDERED that the Motion for Injunctive Relief **(Doc. No. 16)** is GRANTED IN PART and DENIED IN PART, as modified above.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2014, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager