UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA KOETJE,

    *Plaintiff*,   CASE NO. 13-CV-12739

v.   DISTRICT JUDGE DENISE PAGE HOOD
    MAGISTRATE JUDGE PATRICIA MORRIS

AMANDA NORTON, STEIVE,
*Chief Medical Officer,* and SQUIER,
*Prison Health Services/Corizon*,

    *Defendants*.
    _____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**
(Doc. 47)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

**II.    REPORT**

    **A.    Background**

Plaintiff Donna Koetje is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Women's Huron Valley Complex in Ypsilanti, Michigan. On June 20, 2013, Plaintiff filed a *pro se* civil rights complaint alleging that her constitutional rights were violated by the named Defendants, specifically alleging that Defendants were deliberately indifferent to her serious medical needs in violation of the Eight Amendment of the United States Constitution. (Compl., Doc. 1.) U.S. District Judge Denise Page Hood has referred all pretrial matters to the undersigned magistrate judge. (Doc. 45.)

Plaintiff filed a motion for injunctive relief on October 18, 2013, asking the Court to order the MDOC to "comply with Plaintiff's medical detail." (Doc. 16 at 1.) Plaintiff alleged that "ever since she filed this lawsuit, the nursing staff here at this facility has not been giving Plaintiff her ostomy supplies [to properly manage her ilesotomy] in accordance with the medical detail issued by Plaintiff's Medical Service provider." (Doc. 16 at 1-2.) On October 23, 2013, it was recommended that the Court grant in part and deny in part Plaintiff's motion. (Doc. 18.) An objection was filed on November 1, 2013. (Doc. 20.) On May 16, 2014, U.S. District Judge Hood entered an Order accepting the Report and Recommendation ("R&R") but modifying it "by Defendant Steive's statements in his Objections that he will work with Plaintiff regarding her ileostomy care." (Doc. 46 at 3.)

The instant motion for injunctive relief was filed on May 23, 2014. (Doc. 47.) Due to the nature of the relief sought, an accelerated briefing schedule was set and responses to the motion were filed by the Defendants on June 6 and June 9, 2014. (Docs. 52, 53.) I therefore find that the motion is ready for Report and Recommendation.

    **B.    Analysis and Conclusions**

Plaintiff seeks injunctive relief based on Defendant "Steive's recent actions of discontinuing her medical treatment of her Peripheral Neuropathy[,]" specifically in discontinuing Plaintiff's prescription medication, Tegretol. (Doc. 47 at 1.) Plaintiff contends that "[n]o other medication has been ordered as a substitute" and that her "Peripheral Neuropathy symptoms are beginning to return as a result of not receiving any treatment at all." (Doc. 47 at 2.) Plaintiff notes that, in the past, her symptoms included burning sensations, weakness, difficulty walking and frequent falls which necessitated her being confined to a wheelchair. (*Id.*) Plaintiff also alleged that her

2

returning symptoms have included falling twice, and that on the second fall, she broke several teeth. (Doc. 47 at 21.)

Defendant Squier responds that he "was not involved in the decision to discontinue Plaintiff's Tegretol" and that "Plaintiff has failed to carry her burden to warrant injunctive relief." (Doc. 52 at 2.)

Defendant Steive responds that he "denies any personal involvement regarding the discontinuation of Plaintiff's Tegretol prescription" and that "[b]esides a gynecological exam on April 22, 2011, Defendant Steive has never provided direct patient care to Plaintiff." (Doc. 52 at 4.) This statement, of course, undercuts statements made and relied upon by the District Judge in his "Objections [to the previous R&R] that he will work with Plaintiff regarding her ileostomy care." (Doc. 46 at 3.)

Defendant Steive contends that PA Kramer discontinued Plaintiff's Tegretol because she believed, in her medical judgment, that Tegretol was causing Plaintiff's dizziness symptoms. (Doc. 52 at 7.) Defendant Steive also contends that medical records from April 16, 2014, indicate that Plaintiff was in agreement with the decision to terminate Tegretol. (Doc. 52 at ID 827.) I note that the medical record dated April 16, 2014, and signed by P.A. Alice Kramer does state that Plaintiff "was seen today to discuss her continued need for Tegretol...her cumulative chart does not include off site provider notes and/or history to support this...Today Prisoner Koetje agrees to discontinue her Tegretol[.]" (Doc. 52 at ID 830.)

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held. Whether to grant such relief is a matter within the discretion of the district court. *Certified*

3

*Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Certified Restoration*, 511 F.3d at 542. Courts have long held that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Preliminary injunctive relief is an extraordinary remedy that should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. l984). In addition, under 18 U.S.C. § 3626(a)(2), any "preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."

I suggest that the factors, taken together, weigh in favor of denying the motion for injunctive relief. Although Plaintiff's complaint has survived the screening process, there are outstanding dispositive motions and I therefore suggest that the first factor is neutral. As to the second factor, unlike Plaintiff's first motion for injunctive relief, I suggest that this motion does

4

not allege the heightened potential suffering of irreparable injury should the injunctive relief be denied. In addition, objective evidence from a physician's assistant who is not a party to this lawsuit shows that Plaintiff agreed to the discontinuation of Tegretol. As to the third factor, I suggest that this factor weighs slightly in favor of Defendants since issuance of an injunction would make further medical treatment difficult. As to the fourth factor, I suggest that this factor is somewhat neutral since the public interest is not directly affected by this case.[1]

### 3. Conclusion

I therefore recommend that the Court deny Plaintiff's motion for injunctive relief.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health &*

---

[1] I note that this is not a case where Plaintiff is merely asking the court to instruct a party to obey the law. Courts have consistently held that an injunction that merely instructs a party to "obey the law" is null and void. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding that an injunction which prohibited municipality from discriminating on the basis of race would do "no more than instruct the defendant to 'obey the law,'" and therefore was invalid); *Equal Emp't Oppor. Comm'n v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 576 (6th Cir. 1984) ("'[s]uch "obey the law" injunctions cannot be sustained'") (quoting *Payne v. Travenol Laboratories, Inc.,* 565 F.2d 895, 897-98 (5th Cir. 1978)).

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 17, 2014                              /S PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record. A hard copy was served by first class mail on Ms. Donna Koetje, #367956, Huron Valley Complex - Womens, 3201 Bemis Rd., Ypsilanti, MI, 48197.

Date:  June 17, 2014                              By    s/*Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Morris

6