## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DONNA KOETJE,

      Plaintiff,

v.

                                    Case No. 13-12739
                                    Honorable Denise Page Hood

AMANDA NORTON, CHIEF MEDICAL
OFFICER STEIVE, and SQUIER OF
PRISON HEALTH SERVICES/CORIZON,

      Defendants.

_____/

## ORDER ACCEPTING REPORTS AND RECOMMENDATIONS, ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF, ORDER GRANTING DEFENDANT SQUIER'S MOTION TO DISMISS and ORDER DISMISSING DEFENDANT SQUIER ONLY

## I.   BACKGROUND/STANDARD OF REVIEW

This matter is before the Court on a Report and Recommendation filed by Magistrate Judge Patricia Morris on Plaintiff Donna Koetjze's Motion for Injunctive Relief. (Doc. No. 59) No objections were filed to this Report and Recommendation. Also before the Court is a Report and Recommendation on Defendant Squier's Motion to Dismiss for Failure to Exhaust Administrate Remedies. (Doc. No. 61)

Plaintiff filed Objections to this Report and Recommendation on July 2, 2014. (Doc. No. 66)

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## II.    MOTION FOR INJUNCTIVE RELIEF

As to Plaintiff's Motion for Injunctive Relief, after review of the Magistrate Judge's Report and Recommendation, the motion, the response and reply briefs, the Court finds that her findings and conclusions are correct. The Court agrees with the Magistrate Judge that after weighing the factors relevant to determining whether

2

injunctive relief should be issued, Plaintiff has not shown she is entitled to injunctive relief at this time.  As noted by the Magistrate Judge, the record indicates that Plaintiff agreed to discontinue taking Tegretol.  (R&R, Doc. No. 59, Pg ID 959) The Court accepts the Magistrate Judge's recommendation that Plaintiff's Motion for Injunctive Relief be denied.

## III.    MOTION TO DISMISS

Regarding Defendant Squire's Motion to Dismiss, the Court agrees with the Magistrate Judge that the motion should be considered as a Motion for Summary Judgment in light of the documents submitted with the motion.  The Court also agrees with the Magistrate Judge's findings that Plaintiff failed to exhaust the grievances against Defendant Squier as to the alleged denial of physical therapy.

The grievances Plaintiff exhausted through Step III did not identify or name Defendant Squier, which the Court agrees is fatal to Plaintiff's claim against Defendant Squier.  In her Objections and Response to the Motion to Dismiss, Plaintiff submitted a grievance form no. WHV-13-073091-28G which identifies Defendant Squier.  However, Plaintiff has not shown that this grievance, ending in *28G*, went through Step III or that the MDOC refused to proceed any further than Step I. Plaintiff's exhibits submitted with her Response and Objections only show that she requested to proceed to Step II only as to grievance form no. WHV-13-073091-*28F*,

3

not the grievance form ending in *28G*.  (Obj. Doc. No. 66, Pg ID #s 1061-67; Resp., Doc. No. 56, Pg ID # 900-911).  In her affidavit submitted with her Response, she asserts that she "just filed three grievances" and that two of the three were processed and one was denied.  (Aff., Doc. No. 56, Pg ID 905) The rejected grievance form no. was WHV-13-073092-*28F*, not the form ending *28G* which identifies Defendant Squier.  The grievance form ending in *28F* was not submitted by Plaintiff in her Response or Objections.  The MDOC Prisoner Step III Grievance Report submitted by Defendant Squier does not show that WHV-13-073091-*28F* or *28G* were submitted through Step III.  (Resp., Doc. No. 43-2, Pg ID #s 689-694) There is no argument presented or evidence submitted that the forms ending in *28F* **and** *28G* are the same grievance forms.

Reviewing the briefs and documents submitted by the parties, the Court finds that Defendant Squier has shown that Plaintiff did not exhaust her administrative remedies through Step III as to her claim against Defendant Squier.  Plaintiff's submissions with her Response and Objections fail to rebut Defendant Squier's argument that Plaintiff failed to exhaust her administrative remedies as to claims against Defendant Squier.  The Court accepts the Magistrate Judge's recommendation that Defendant Squier's Motion to Dismiss, considered as a Motion for Summary Judgment, be granted.

4

IV.   **CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Patricia Morris' Reports and Recommendations **(Nos. 59 and 61)** are ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Injunctive Relief **(No. 47)** is DENIED.

IT IS FURTHER ORDERED that Defendant Squier's Motion to Dismiss for Failure to Exhaust Administrative Grievances, considered as a Motion for Summary Judgment **(No. 43)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Objections **(No. 66)** are OVERRULED.

IT IS FURTHER ORDERED that Defendant Squier only is DISMISSED from this action.

Dated: September 22, 2014              s/Denise Page Hood
                                       Denise Page Hood
                                       United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2014, by electronic and/or ordinary mail.

                                       s/LaShawn R. Saulsberry
                                       Case Manager